IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LINDA-JEAN BRIGGS,<br><br>    Plaintiff<br><br>V.<br><br>THE TOWN OF RUMFORD;<br>CHRISTOPHER BRENNICK,<br>in his official capacity as a member of the<br>Select Board; MICHAEL PETER CHASE,<br>in his official capacity as a member of the<br>Select Board; JAMES WINDOVER, in his<br>official capacity as a member of the Select<br>Board; MARK BELANGER,<br>in his official capacity as a member of the<br>Select Board; JOHN PEPIN SR., in his<br>official capacity as a member of the Select<br>Board,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

Plaintiff Linda-Jean Briggs hereby complains against Defendants Town of Rumford and the members of its Select Board as follows:

**INTRODUCTORY STATEMENT**

Plaintiff Linda-Jean Briggs brings this complaint against Defendants to secure relief, legal and equitable, for wrongful termination, without cause or constitutional procedural due process as required by the Fourteenth Amendment to the United States

COMPLAINT -- 1

Constitution, from her position as Town Manager for the Town of Rumford, in violation of 30-A M.R.S. § 2601 et seq., 42 U.S.C. § 1983, as well as the Town's Ordinances.

Plaintiff requests a trial by jury as to all issues.

## PARTIES AND JURISDICTION

1. Plaintiff Linda-Jean Briggs is a resident of the Town of Rumford, County of Oxford, State of Maine.

2. Defendant Town of Rumford is a duly incorporated municipal corporation pursuant to the laws of the State of Maine.

3. Defendants Christopher Brennick, Michael Peter Chase, James Windover, Mark Belanger, and John Pepin, Sr., are Select Board members for the Town of Rumford. They are also residents of the Town of Rumford, County of Oxford. They are being sued in their official capacities.

## JURY TRIAL DEMAND

4. Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury.

## JURISDICTION AND VENUE

5. This action arises, in part, under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has proper subject matter jurisdiction under 28 U.S.C. §§ 1341 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in the District of Maine, pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Plaintiff began employment as the Town Manager for the Town of Rumford ("the Town") on or about February 1, 2017.

8. Plaintiff worked continuously as Town Manager for the Town until she was terminated on January 2, 2018.

9. Plaintiff's work performance for the Town was satisfactory or better throughout her employment.

10. On or about February 15, 2018, Plaintiff and the Town made and entered into an "Agreement for Term of Employment June 18, 2018-June 2021" ("Employment Agreement").

11. Section 4 of Plaintiff's Employment Agreement provides: "Town may terminate the employment of BRIGGS pursuant to Chapter 1–A, Section 2 of the Town Ordinances. In the event of termination by the Select Board without cause, BRIGGS shall be paid a lump sum amount equal to six (6) months salary as liquidated damages."

12. The language in Plaintiff's Employment Agreement constitutes the official policy of the Town as respects employment of the Town Manager.

13. On or about December 14, 2018, the Town suspended Plaintiff from her employment with pay, but without cause.

14. On or about January 2, 2018, the Town terminated Plaintiff's employment without cause.

15. On or about January 11, 2019, the Town tendered Plaintiff a check in the gross amount of $40,999.92, less withholdings, for "Full and Final Payment of Severance Pay."

16. Plaintiff has not negotiated the check issued by the Town.

17. On or about January 8, 2019, Plaintiff filed a Notice of Appeal of her suspension and

removal from her employment without cause, to the Town's Board of Appeals, pursuant to the Town's Ordinances, Chapter 37 (June 12, 2018).

18. On or about January 31, 2019, Plaintiff received notice that the Board of Appeals voted that it was without jurisdiction to hear her appeal.

19. As a result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer personal and professional injuries, including lost wages and benefits, emotional pain and distress, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, injury to career and other pecuniary and nonpecuniary losses.

**COUNT 1**
**Violation of Maine's Statutory Right to Continued Employment**
**for Town Managers: 30-A M.R.S.A. § 2601 et. seq. and Town Ordinances**

20. The allegations in paragraph 1-19 are realleged and incorporated by reference.

21. 30-A M.R.S.A. § 2601 et seq. and the Town's Ordinances require cause to terminate a Town Manager. Specifically:

    i. 30-A M.R.S.A. § 2601 says: "Except where specifically provided by law, charter or ordinance, the municipal officers shall appoint all municipal officials and employees required by general law, charter or ordinance and may remove those officials and employees for cause, after notice and hearing."

    ii. 30-A M.R.S.A. § 2633 says: "Removal, Suspension. The selectmen may remove or suspend the town manager for cause in accordance with the following procedures.

        A. The selectmen shall file a written preliminary resolution with the town clerk stating the specific reasons for the proposed removal. A copy of that resolution shall be delivered to the manager within 10

        days of filing.

    B.    Within 20 days of receiving the resolution, the manager may reply in writing and request a public hearing.

    C.    Upon request for a public hearing, the selectmen shall hold one at least 10 days but not more than 30 days after the request is filed.

    D.    After the public hearing or at the expiration of the time permitted the manager to request the public hearing, if no such request is made, the selectmen may adopt or reject the resolution of removal.

    E.    The selectmen may suspend the manager from duty in the preliminary resolution, but the manager's salary may not be affected until the final resolution of removal has been adopted."

iii.    Town of Rumford Ordinances, Chapter 1A, Section 2, says: "Removal, Suspension. The Selectpersons may remove or suspend the Town manager for cause (which include, but are not limited to, the grounds described in Chapter 36) in accordance with the following procedures.

    A.    The Selectpersons shall file a written preliminary resolution with the Town clerk stating the specific reasons for the proposed removal. A copy of that resolution shall be delivered to the manager within 10 days of filing.

    B.    Within 20 days of receiving the resolution, the manager may reply in writing and request a public hearing.

    C.    Upon request for a public hearing, the Selectpersons shall hold one at least 10 days, but not more than 30 days, after the request is

        filed.

    D.    After the public hearing, or at the expiration of the time permitted, the manager to request the public hearing, if no such request is made, the Selectpersons may adopt or reject the resolution of removal.

    E.    The Selectpersons may suspend the manager from duty in the preliminary resolution, but the manager salary may not be affected until the final resolution of removal has been adopted.

    F.    The Town Manager shall have the right to appeal said removal to the Board of Appeals by notifying, in writing, the Board of Appeals and the Board of Selectpersons within five (5) business days after the effective date of the removal.

    G.    The Board of Appeals shall meet within ten (10) days of receipt of the written notification of appeal to hear said appeal pursuant to Chapter 37."

22. The provision in Plaintiff's Employment Agreement purporting to allow a termination without cause violates Maine state law and is therefore invalid and unenforceable.

23. By virtue of the foregoing, Defendants violated Plaintiff's rights to continued employment through the full term of her Employment Agreement, under Maine statutes and the Town's Ordinances.

### COUNT 2
### Violation of Article I, Section 6-A, Maine's State Constitution for Due Process

24. The allegations in paragraph 1-23 are realleged and incorporated by reference.

25. By virtue of the foregoing, the Defendants deprived Plaintiff of her property interest in employment as Town Manager, pursuant to 30 M.R.S.A. § 2601 et seq. and the Town's Ordinances, without adequate procedural due process afforded by Article I, Section 6-A of the Constitution of the State of Maine.

### COUNT 3
### Violation of Fourteenth Amendment to the United States Constitution
### (Property Interest/Due Process)
### 42 U.S.C. § 1983

26. The allegations in paragraph 1-25 are realleged and incorporated by reference.

27. By virtue of the foregoing, the Defendants, while acting under color of state law, deprived Plaintiff of her property interest in employment as Town Manager, pursuant to 30 M.R.S.A. § 2601 et seq. and the Town's Ordinances, without adequate procedural due process afforded by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

### PRAYER FOR RELIEF

A. Enter judgment in Plaintiff's favor;

B. Issue a Declaratory Judgment that Section 4 of Plaintiff's Employment Agreement is void and unenforceable and that hereafter Plaintiff shall be an employee of the Town through the end of the term of her Employment Agreement (June 17, 2021), and entitled to be terminated only for cause;

C. Enter injunctive relief ordering Defendants to reinstate Plaintiff to her position as Town Manager;

D. Award Plaintiff back pay for lost wages and benefits and prejudgment interest thereon and reinstatement, or, in lieu thereof, front pay for future lost wages and benefits;

E.  Award compensatory damages in an amount to be determined at trial, and prejudgment interest thereon;

F.  Award Plaintiff her full costs, including reasonably attorney's fees and expert fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

G.  Grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| February 1, 2019 | /s/ Maria Fox, Esq.<br>Maria Fox, Bar No. 9957<br>Robert Edmond Mittel, Bar No. 1690<br>Attorneys for the Plaintiff<br>207 699 3306<br>207 699 5730<br>mfox@mittelasen.com<br>rmittel@mittelasen.com |

MittelAsen, LLC
PO Box 427
Portland, ME 04112
207 775 3101